IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEGAN WITHROW, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZIP CO US, INC.,<br><br>Defendant. | Case No.<br><br>NOTICE OF REMOVAL<br>(King County Superior Court Case No. 25-2-17469-7 SEA) |

TO: Clerk, United States District Court for the Western District of Washington

AND TO: MEGAN WITHROW, and her Attorneys of Record

Defendant Zip Co US, Inc. ("Zip"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court for King County, Case No. 25-2-17469-7 SEA, to the United States District Court for the Western District of Washington. Zip removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the grounds set forth below.

On June 17, 2025, Plaintiff Megan Withrow, acting individually and on behalf of a purported class of persons she seeks to represent, served the Complaint and Summons on Zip's registered agent. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, Order Setting Case Schedule, and Case Information Cover Sheet is attached as Exhibit A. The documents



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

that comprise Exhibit A constitute all process, pleadings, and orders served upon Zip. See 28 U.S.C. § 1446(a).

Removal of this action is therefore timely because Zip filed this Notice of Removal within 30 days after the service of the Summons and Complaint. See U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

Zip removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Defendant; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**<u>Proposed Class Action</u>**

Plaintiff brings this case as a proposed class action, Compl. ¶ 43 (Ex. A), and she appears to seek certification of the putative class under Washington Court Civil Rule 23(b)(3) (*id.* ¶ 49), which is identical in all material respects to Federal Rules of Civil Procedure 23(b)(3). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332 (d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative person as a class action."

**<u>Minimal Diversity</u>**

Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

As alleged in the Complaint, Plaintiff is a resident of Washington. Compl. ¶ 35. Plaintiff seeks to represent a class that comprises the following: "all persons who, within the applicable



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

statute of limitations period, received a ZIP referral text message to their cellular telephone number while residing in Washington." *Id.* ¶ 43.

As Plaintiff acknowledges, Defendant Zip is a Delaware corporation with its principal place of business in New York. *Id.* ¶ 6. No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiff and the putative class she seeks to represent on the one hand and (ii) Zip on the other hand, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less than 100**

The number of members of the class that Plaintiff proposes is not less than 100 persons. See 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "[t]he Class has more than 1,000 members." Compl. ¶ 46.

**The Amount in Controversy Is Over $5,000,000**

"In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

"In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted) (emphasis in original).

Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

U.S. 81, 84 (2014). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

Here, Plaintiff alleges that the putative class consists of "more than 1,000 members," Compl. ¶ 46, and that damages for "each recipient of a commercial electronic text message sent in violation of the [Washington Consumer Electronic Mail Act] are the greater of $500 for each such message or actual damages[.]" *Id.* ¶ 82. Pursuant to the Washington Consumer Protection Act, RCW 19.86, Plaintiff also seeks "treble damages, and exemplary damages where applicable[.]" *Id.* ¶ F. Plaintiff also seeks an award of attorneys' fees and costs. *Id.* ¶ 4. The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (state law claims authorizing treble damages and attorney fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

Zip estimates, based on its business records, that between June 11, 2021 and the present date, more than 10,000 text messages at issue in Plaintiff's Complaint have been sent to Washington residents. This estimate relies on reasonable assumptions based on the total volume of referral links generated for transmission nationwide in the Zip app from June 11, 2021 to the present, and the proportion of the United States population that resides in Washington.

With $1,500 in alleged minimum damages per text message and more than 10,000 text messages, the amount in controversy exceeds $15,000,000. Accordingly, the alleged aggregated damages, fees, and costs Plaintiff seeks surpass CAFA's $5,000,000 amount-in-controversy requirement.

**<u>Removal is Proper</u>**

Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Zip is entitled to remove the present action to the Court.



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

King County Superior Court lies within the Western District of Washington. Accordingly, removal to this district is proper. See 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. See LCR 3(e)(1).

Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through her counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

The removal of this action terminates all proceedings in the Superior Court. See 28 U.S.C. § 1446(d).

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Zip's right to assert any defense. Zip reserves the right to assert all applicable claims and defenses in response to the Complaint.

**LCR 101(b) Requirements Are Met**

In accordance with LCR 101(b), Zip has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as Exhibit B. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. Zip has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

Respectfully submitted this 16th day of July, 2025.

**HOLLAND & KNIGHT LLP**

*By: s/Austin Rainwater*
Austin Rainwater, WSBA No. 41904

*By: s/Nathan Paine*
Nathan Paine, WSBA No. 34487

701 Fifth Avenue, Suite 4700
Seattle, WA 98104
Austin.Rainwater@hklaw.com
Nathan.Paine@hklaw.com
T: 206.505.4000
F: 206.505.4099

*By: s/ Elin Park*
Elin Park, *pro hac vice forthcoming*

150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Elin.Park@hklaw.com
T: 312.715.5730
F: 312.578.666

*Attorneys for Zip Co US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

Jason T. Dennett
Kaleigh N. Boyd
TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Phone: 206.682.5600
Fax: 206.682.2992
Email: jdennett@tousley.com
kboyd@tousley.com

Edwin J. Kilpela, Jr.
WADE KILPELA SLADE LLP
6425 Living Place, Suite 200
Pittsburgh, PA 15206
Email: ek@waykayslay.com

Evan E. North
NORTH LAW PLLC
Philadelphia, PA 1910
Phone: 202.921.1651
Email: ek@waykayslay.com

Dated this 16th day of July, 2025.

*s/ Austin Rainwater*
Austin Rainwater



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099